BIRNBERG & ASSOCIATES
Cory A. Birnberg [SBN 105468]
1083 Mission Street, Third Floor
San Francisco, CA 94103
Tel. (415) 398-1040
    AND
BERSCHLER ASSOCIATES, PC
Arnold I. Berschler [SBN 56557]
22 Battery Street, suite 810
San Francisco, CA 94111
Tel. (415) 398 1414
ATTORNEYS FOR JAMES L. CHRISTENSEN

G. GEOFFREY ROBB (131515)
CHELSEA D. YUAN (240559)
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Telephone: (415) 348-6000

Attorneys for HAIDA QUEEN LLC,
BRIAN KELLEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. CHRISTENSEN,<br><br>                 Plaintiff,<br><br>vs.<br><br>HAIDA QUEEN LLC , BRIAN KELLY,<br>                 Defendants | Case No.: 21-cv-02377-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

May it please the Honorable Court:

Plaintiff JAMES L. CHRISTENSEN and Defendants HAIDA QUEEN LLC and BRIAN

KELLY (collectively "Defendants") respectfully submit this joint case management statement

***                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       CIVIL No. 21-cv-02377-YGR

pursuant to Federal Rule of Civil Procedure 26(f), Northern District Local Rule 16-9, and this Court's Order [Doc. 11].

1.  <u>Jurisdiction and Service</u>: Plaintiff claims that jurisdiction arises under 28 U.S.C. §1331, the *Jones Act*, 46 U.S.C., §30104, and the general maritime law. All named defendants have been served and answered the operative complaint.

2.  <u>Facts</u>:

    a. Plaintiff's Statement of Facts:

    Facts Relevant to Plaintiff's First and Second Causes of Action: Plaintiff was a deckhand aboard Defendants' crab boat, which was fishing in navigable waters of the United States. Haida Queen, LLC ("HQL") was and remains a California Corporation, number 201821310054, at all relevant times. Brian Kelley was the sole member of HQL at all relevant times. Defendants were the owner of the complained vessel and Mr. Christensen's employer at all relevant times. The alleged accident occurred on or about December 1, 2019. Plaintiff alleges that Defendants' negligence and/or unseaworthy conditions of the vessel legally caused a crabpot to fall upon him, causing the complained injuries, including to his left shoulder and back. Mr. Christensen continues to seek and receive health care for his alleged injuries. Plaintiff alleged sustained special damages including loss of earnings.

    Facts Relevant to Plaintiff's Third Cause of Action: Plaintiff alleges that his employer has and continues to not provide the benefits of maintenance and cure to which he claims entitlement. Plaintiff seeks compensatory and exemplary damages for the defendant-employer's alleged conduct in the matter of maintenance and cure.

    b. Defendant's Statement of Facts:

    At all times relevant to this case, the HAIDA QUEEN was a commercial fishing vessel

owned by HAIDA QUEEN, LLC.  Brian Kelly is a member of HAIDA QUEEN, LLC.  Plaintiff worked on board the HAIDA QUEEN in December 2019 and January 2020.  Plaintiff quit and walked off the boat without notice in early January 2020.  Defendants deny any negligence or liability based on Plaintiff's claims.  Defendants have paid and continue to provide maintenance and cure under a reservation of rights to seek reimbursement and/or offset for this amount in the event it is determined that Plaintiff is not owed maintenance.

    c.   Principle Factual Issues in Dispute:

1. Whether an incident occurred at all?
2. Whether conduct attributable to Defendants contributed any way to the alleged incident and injuries?
3. Whether Plaintiff legally contributed to the cause of the alleged incident and alleged injuries?
4. The nature and extent of injury and damage, if any at all?
5. Whether Plaintiff failed in mitigation of injury and damage, if any at all?
6. Whether Defendants breached the duty to provide maintenance and/or cure?
7. Whether, Defendants recalcitrantly breached the duty to provide maintenance and/or cure?
8. Whether Plaintiff is due any sum for maintenance and/or cure benefits?

3.  Legal Issues:

    a.   Whether Defendants are liable to Plaintiff under the *Jones Act*, 46 U.S.C., §3014 for negligence?

    b.   Whether the vessel was unseaworthy?

    c.   Whether the vessel owner is liable to Plaintiff for any unseaworthy conditions?

d. Whether Plaintiff sustained any damage as a legal consequence of negligence and/or unseaworthiness?

e. Whether Plaintiff was comparatively negligent; if so, in what measure?

f. Whether Plaintiff failed to mitigate; if so, in what measure?

g. Whether Plaintiff sustained any damage legally consequent to the alleged breach of duty to provide maintenance and cure?

h. Whether Defendants can limit liability under the *Limitation of Liability Act* pursuant to 46 U.S.C. Section 30505?

i. Whether Plaintiff is entitled to exemplary damages?

j. Whether Plaintiff's claims are barred and/or limited by all applicable contracts, agreements, and/or any other writing among the parties to the subject action, including but not limited to the Crewmember Contract for Employment attached to Defendants' Answer as Exhibit A?

k. Whether Plaintiff's exclusive remedy lies with the California Worker's Compensation system or the Longshore and Harbor Worker's Compensation Act?

l. Plaintiff's claims are barred by the primary duty rule?

4. <u>Motions</u>: No motions have been filed or are pending before this Court. The parties anticipate motion practice will include the filing of dispositive motions (i.e. summary judgment), and pre-trial motions (i.e. motions in limine).

5. <u>Amendment of the Pleadings</u>: At this time, the parties don't anticipate claims or defenses to be added. However, to the extent any such claims or defenses are added, the parties propose to do so no later than November 1, 2021.

6. Evidence Preservation: The parties certify they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").

The parties have also met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures: The parties have not yet exchanged disclosures pursuant to Fed. R. Civ. P. 26. By agreement of the parties, initial Fed. R. Civ. P. 26 disclosures will be exchanged no later than September 10, 2021.

8. Discovery: The parties have met and conferring regarding discovery and will cooperate in order to effect written discovery, depositions, and obtaining Plaintiff's records.  Plaintiff has already signed authorizations to obtain his medical and employment records.  At this time, the parties do not anticipate needing an e-discovery order.

9. Class Actions:  This matter does not involve class-based allegations.

10.  Related Cases: There are no pending related matters.

11. Relief: Plaintiff is seeking the following damages in his Complaint: general damages; special damages; maintenance and cure; attorney fees; punitive damages; and prejudgment interest. Defendants deny that Plaintiff is entitled to recover any damages based on his allegations.

12. Settlement and ADR:  The parties have discussed private mediation and will resume that discussion after further discovery.

13. Consent to Magistrate Judge for All Purposes: Plaintiff did not consent to proceed with a magistrate judge for all purposes and the case has been assigned to the Honorable Judge Yvonne Gonzalez Rogers.

14. Other References: The parties are not aware of any other references at this time.

*** CIVIL No. 21-cv-02377-YGR

15. Narrowing of Issues: The parties are not aware of any issues which can be narrowed at this time.

16. Expedited Trial Procedure: The parties decline to proceed under the Expedited Trial Procedure.

17. Scheduling: The parties proposed the following schedule:

| | |
|---|---|
| Last day to amend pleadings/add parties without leave of Court: | November 1, 2021 |
| Close of non-expert discovery: | April 18, 2022 |
| Exchange of initial expert disclosures: | April 18, 2022 |
| Exchange of supplemental expert disclosures: | May 6, 2022 |
| Close of expert discovery: | May 27, 2022 |
| Last day to file dispositive motions: | June 3, 2022 |
| Last day for hearing of dispositive motions: | July 12, 2022 |
| Pre-trial Conference: | July 29, 2022 |
| Trial | August 15, 2022 |

18. Trial: Plaintiff has demanded a jury trial.

19. Disclosure of Non-party Interested Entities or Persons: Defendants filed the Certificate of Interested Entities (Document 13) listing: Plaintiff James Christensen, Defendant Haida Queen LLC, Defendant Brian Kelley, and Stratford Insurance Company (insurer for Defendant Haida Queen LLC).

20. Professional Conduct: All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

*** CIVIL No. 21-cv-02377-YGR

Pursuant to L.R. 5-1 (i)(3), Chelsea D. Yuan, hereby attests that all of the signatories to this document have concurred in this filing's content and have authorized this filing.

Respectfully submitted,

Dated: September 3, 2021

/s/ Arnold I. Berschler
_____
Cory A. Birnberg
BIRNBERG & ASSOCIATES
  AND
Arnold I. Berschler
BERSCHLER ASSOCIATES, PC
Attorneys for Plaintiff
JAMES L. CHRISTENSEN

Dated: September 3, 2021

/s/ Chelsea D. Yuan
_____
Chelsea D. Yuan
GIBSON ROBB & LINDH LLP
Attorneys for Defendants
HAIDA QUEEN LLC and BRIAN KELLEY, erroneously sued as BRIAN KELLY